John E. Cone, J.
This is an application in a taxpayer’s action for a temporary injunction to enjoin the defendants from allegedly committing a waste of public funds and to restrain a Grand Jury in Kings County and the District Attorney of said county from proceeding with an investigation, the purpose of which is allegedly illegal.
The complaint herein and the moving affidavits alleged in substance as follows:
A Grand Jury duly empaneled in the County Court of Kings County by Honorable Samuel S. Leibowitz, a Judge of that court, known as the Welfare Grand Jury and whose term has been duly extended, has been and is now engaged in an investigation concerning the administration by public official's of the City of New York of the funds of the said city in connection with the dispensation of millions of dollars annually to public welfare applicants.
A number of indictments and informations have been filed accusing some persons of larceny.
Many convictions have resulted and jail sentences imposed.
In a charge to the Grand Jury Judge Leibowitz called that body’s attention to a copy (previously supplied to them) of the official transcript of the pertinent parts of the testimony which he gave to the Senate Committee investigating juvenile delinquency at their hearing in New York City. He stated in part:
“ You have undoubtedly read the statement in your jury room and you have carefully considered it. I will not change or omit one single word of that statement.
‘ ‘ I firmly stand by what I said despite the unwarranted personal attacks by rabble rousers and phony politicians, despite threats against my life and members of my family.
*119 ‘ ‘ I repeat for the hundredth time that I at no time impugn the honor of any race, creed, nationality or group, when I advocate a slowdown in migration into this city until we can better conditions for the unfortunates that are here residents at this time.
“ I would most, respectfully suggest that, among other matters, you devote serious attention to * * *:
“1. Consider measures that should be adopted to discourage certain persons from migrating to New York City;
‘ ‘ 2. Whether a law should be enacted to require a prior residence in this community as a condition precedent to the receipt of public welfare assistance; and
‘ ‘ 3. Whether a law should be passed imposing a mandatory jail sentence for repeated violations of the Housing Laws.” (Emphasis supplied.)
It is further alleged that the property and funds of the City of New York are being used and expended by the Grand Jury in the course of this investigation which will continue until sometime in the future; that such use and expenditures are a waste of public funds and are illegal in that the investigation of the problems above set forth and any report by the Grand Jury on that subject matter are not within the scope of the poAvers of the said Grand Jury or the County Judge, and that such inquiry is being conducted to vindicate the private opinions of said County Judge.
The action at bar is a statutory one. It is authorized by section 51 of the General Municipal Law, which provides in substance that an action may be maintained against all officers, agents, commissioners and other persons acting, or who have acted for and on behalf of any county, toAvn, village or municipal corporation in this State to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons or to preAmnt waste or injury to any property, funds or estate of such county, toAvn, Adllage or municipal corporation.
It is significant to note too, that in a taxpayer’s action against municipal officers to prewent illegal official acts, the only issue before the court is whether the action of the officers is legal, and if so, that court may not concern itself Avith motives of individuals for either favoring or opposing such action (Kraushaar v. Zion, 135 N. Y. S. 2d 491).
The equitable remedy of an injunction under this section is to be granted or Avitbheld in accordance with the general principles which govern the exercise of equitable jurisdiction (Southern Leasing Co. v. Ludwig, 217 N. Y. 100, 103). An *120 injunction pendente lite will not issue unless the right thereto is plain from the undisputed facts (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182). Such drastic and summary remedy is never granted except upon a clear showing of necessity and justification (Fine v. Loew, 7 Misc 2d 245; McClure v. Leaycraft, 183 N. Y. 36, 41). Accordingly, to grant the relief sought upon this application there must be a clear showing that the acts of the defendants are illegal official acts causing waste or injury to the funds of the municipality.
This brings us to a consideration of the basic question upon which the plaintiff predicates his complaint, to wit, that the powers of a G-rand Jury are limited to indictments; that it has no power to file a report, and consequently in considering, among other things, the advisability of recommending legislation as hereinabove stated, the Grand Jury is acting illegally.
The only appellate authority in this State bearing directly on the legality of Grand Jury reports is that of Matter of Jones v. People (101 App. Div. 55 [2d Dept.], appeal dismissed 181 iST. Y. 389). The report involved in the Jones case was critical of a County Board of Supervisors and its Clerk for alleged failures to perform their duties. The majority of the court affirmed the denial of a motion to set aside and quash the report, relying on section 260 (now § 253) of the Code of Criminal Procedure and stated at page 56: “ But our Code of Criminal Procedure vests the grand jury with certain inquisitorial or visito rial powers. Section 260 [now 253] provides as follows: ‘ The grand jury must inquire: 1. Into the case of every person imprisoned in the jail of the county, on a criminal charge, and not indicted; 2. Into the condition and management of the public prisons in the county; and 3. Into the willful and corrupt misconduct in office of public officers of every description in the county. ’ Section 261 [now § 254] provides as follows: ‘ They are also entitled to free access, at all reasonable times, to the public prisons, and to the examination, without charge, of all public records in the county. ’ We may assume that these, powers are conferred for some purpose. Official inquiry intends either official action or official report. As such powers are limited to inquiry, and the grand jury has no executive or administrative authority in the premises, the result of any inquiry must be report or statement which shall call attention to the wrong. The grand jury can but report to the court to which it was returned and by which it is discharged. Such reports are commonly termed presentments.”
The dissenting opinion of Mr. Justice Woodward declared that the historic purpose of the Grand Jury was to protect *121 individuals against unfounded accusations. He wrote thait Grand Jury criticism constituted the substitution by jurors of their own- standards for those fixed by the law of the land, and contended that the type of “presentment” before the court, not being answerable in the judicial forum was violative of the State Constitution.
The plaintiff herein relies heavily on the minority viewpoint, also favored by some lower courts in the Second Department, which were decided subsequent to the Jones case, in urging that the Grand Jury has no power to make a report.
Analysis of these cases shows that in each one quashing a report there were special factors noted and relied upon to distinguish it from the Jones decision. However, what is most significant in the instant ease is the fact that there is no existing report of the Grand Jury to quash, expunge or reject.
This court considers Matter of Jones v. People (supra) as controlling in this Department. It 1 ‘ remains unimpeached by superior judicial authority, undisturbed by constitutional and legislative authority and not disavowed by the court which decided it. It is an authority to be respected.” (Matter of Lundy, 208 Misc. 833, 842.)
With respect to the objection that Grand Jury reports violate the separation of powers principle, this court shares the view that such objection is without merit as set forth in Volume 55 of the Columbia Law Review, at pages 1116 and 1117, reading as follows:
“ Separation of powers. Another argument urged against reports is that they contravene the constitutional separation of powers. It is contended that the grand jury, an arm of the court, should not charge executive or legislative officers with conduct other than criminal and that the efficiency of these branches of government is not the concern of the jury. One historical flaw in this argument must be noted. Almost three hundred years ago, the grand jury developed into a check on the possible abuse of the executive power. Yet today, when it reports on other governmental abuses, it is criticized as violating the separation of powers principle. Historically, the grand jury has for centuries exercised both the reporting and indicting functions. As both roles have long been ascribed to the judicial branch of government, the exercise of the reporting function by this department is no more violative of the separation of powers principle than is the indictment of a governmental official for criminal conduct in the performance of duties.
“It has never been contended that courts' abuse their trust when, noting statutory defects, they suggest to the legislature *122 that it consider amendment. In criticizing public officers and calling for improvements, the grand jury performs an analogous function. It does not remove these persons from . office, or assume their duties by its criticism, any more than a court legislates when it makes suggestions to the legislature. Success of the separation of powers principle depends to some extent on the interaction and cooperation of the arms of government, not on their total isolation from each other. This mutual assistance is achieved when the grand jury exercises its historic public function of suggesting improvements.”
There is a further serious jurisdictional question presented in the case at bar and that is whether the statute authorizing a taxpayer’s action (General Municipal Law, § 51) may be invoked to restrain a Grand Jury duly empaneled in the County Court from attempting to exercise its inquisitorial and reportorial powers.
Conceding arguendo that a Grand Jury report as a fait accompli may be expunged or rejected by the court, counsel have not called attention to this court, nor has its independent research revealed any constitutional or statutory authority nor any judicial precedent in this State to warrant the issuance of an injunction against a duly empaneled Grand Jury from conducting an investigation or from restraining a District Attorney in advance from attending upon the Grand Jury.
In any event, for the purposes of the motion at bar, it is only necessary to determine whether plaintiff has made a sufficient showing entitling him to an injunction pendente lite. In the light of all of the foregoing, plaintiff has failed to show such illegality which would warrant the issuance, by this court, in the exercise of its equitable powers, of the temporary injunction prayed for.
Accordingly, the motion is denied in all respects. Submit order.