Bernard S. Meter, J.
In this action under section 51 of the General Municipal Law plaintiff moves for a temporary injunction and defendant Beuper GMC Sales Corp. cross-moves for dismissal of the complaint. Involved is the purchase of 20 garbage trucks by the Town of Hempstead from defendant Beuper without competitive bidding. Defendants contend that the emergency provision of subdivision 4 of section 103 of the General Municipal Law governs and, therefore, there was no illegality and further that no injury has been shown. The motion for a temporary injunction is granted and the cross motion to dismiss the complaint is denied.
The complaint alleges that section 103 of the General Municipal Law requires competitive bidding except in case of a public emergency arising out of an accident or unforeseen occurrence *363 or condition whereby circumstances affecting the life or health of inhabitants require immediate action that cannot await competitive bidding, that the town issued Purchase Order 183 to defendant Reuper for 20 trucks at a total price of $235,564 which order referred to Town Board Resolution 2103-1962 adopted December 18, 1962, that bids were not solicited or received for the items covered by the Purchase Order, that during 1962 and prior the town collected refuse with rented vehicles, that on June 26, 1962 the Town Board decided to operate town-owned collection trucks and authorized the acquisition of 64 such vehicles and knew at that time that its rental contracts would expire December 31, 1962, that thereafter bids were requested for 36 trucks in four separate bid pamphlets, that defendant Reuper was the successful bidder on two bids offering to supply the same items specified in Purchase Order 183 and at the identical prices although O’Neil Ford, Inc., had bid $224,678 and City Tank Corporation had bid $225,791, that thereafter City Tank Corporation commenced an article 78 proceeding which was dismissed at Special Term [see City Tank Corp. v. Director of Purchasing, 233 N. Y. S. 2d 610], that City Tank appealed the Special Term order and the appeal was argued November 7, 1962, that bids could have been advertised for the 20 trucks covered by Purchase Order 183, that bidders were available including defendant Reuper who had trucks available for delivery and knew that if he were to get the bid he would have to bid below the bidder on the earlier bid, that no public emergency existed, that one effect of the issuance of Purchase Order 183 without bidding is to cost the town the difference between the price specified in the Purchase Order and the amounts bid by O’Neil Ford, Inc., and City Tank Corporation. The December 18, 1962 resolution of the Town Board is incorporated by reference. That resolution recites, inter alia, that on August 7, 1962, the Director of Purchasing accepted bids for refuse trucks; that City Tank Corp. commenced a proceeding on September 4, 1962, and that its petition was dismissed on September 24, 1962 and a petition for rehearing denied by order dated October 4, 1962; that on October 9,1962 City Tank served and filed notice of appeal, that the appeal was argued November 7,1962, that on the date of the resolution no decision had been rendered by the Appellate Division, that collection of garbage is necessary to preserve health and safety and the pendency of the proceeding renders it impossible to accept delivery of the ordered trucks and it does not appear that the right of the town to accept delivery will be finally determined in time to have trucks available by January 1, 1963, and that by reason of the foregoing *364 facts a public emergency exists arising out of an unforeseen occurrence requiring immediate action that cannot await competitive bidding.
The complaint is attacked as not spelling out either waste or injury to the taxpayer or the illegality of the contract. Where competitive bidding is required there is a presumption of waste and injury from the allegation that bidding was not had (Grace v. Forbes, 64 Misc. 130, 139; American La France & Foamite Corp. v. City of New York, 156 Misc. 2, 4, affd. 246 App. Div. 699; International Meters v. City of New York, 101 N. Y. S. 2d 208, 211). While such a presumption would not be sufficient to sustain the complaint where, as here, it is alleged that the Town Board has adopted a resolution purporting to bring the contract in question within the grant of power set forth in subdivision 4 of section 103 of the General Municipal Law, the complaint states that Purchase Order 183 fixes a price of $235,564 for trucks which the Town Board knew, and had known since July 20,1962, could be purchased for $224,678. Waste and injury are, therefore, sufficiently alleged (see Altschul v. Ludwig, 216 N. Y. 459, 463, 467; Western N. Y. Water Co. v. City of Buffalo, 242 N. Y. 202, 207, 208; Ahern v. McNab, 7 A D 2d 546, 548; Rundquist v. Leibowitz, 22 Misc 2d 117, 120, affd. 10 A D 2d 584; Blanshard v. City of New York, 141 Misc. 609, 612, 619, affd. 236 App. Div. 663, affd. 262 N. Y. 5).
On the question of' illegality it is argued that the court may not substitute its judgment for that of the Town Board. That the Legislature did not intend to accord finality to the board’s action may be gleaned from the fact that subdivision 5 makes standardization of materials depend upon “ the adoption of a resolution” whereas subdivision 4 turns on whether there is in fact a public emergency of the type described in the subdivision. If there was not the board’s action “ is wholly void as beyond the limited statutory authority possessed by the board. Any action taken by the board within its authority and involving the exercise of a lawful discretion is final and not subject to judicial review, but when it acts beyond its powers its acts are void, and furnish no justification for withholding injunctive relief if the case is in other respects such as to entitle the plaintiff to such relief. ” (Altschul v. Ludwig, supra, p. 470; see Kaskel v. Impellitteri, 306 N. Y. 73, 80.) The statutory mandate that there be competitive bidding is not suspended by a resolution declaring an emergency if none in fact exists (16 Op. St. Comp., 1960, p. 469; 17 Op. St. Comp., 1961, p. 470).
Whether there was an emergency of the type defined by the statute turns in the instant case on the meaning of the phrase *365 " unforeseen occurrence or condition”. An occurrence or condition is unforeseen when it is not anticipated; when it creates a situation which cannot be remedied by the exercise of reasonable care (Ralph Perri, Inc., v. Metropolitan Cas. Ins. Co., 2 A D 2d 700, affd. 4 N Y 2d 983; Daiches v. United States Fid. & Guar. Co., 93 F. 2d 149; when it is fortuitous, Viterbo v. Friedlander, 120 U. S. 707, 728). Thus, the exhaustion of an appropriation for a State hospital is not ‘‘ an unforeseen and unanticipated emergency” authorizing expenditures in excess of appropriation when a request for funds to meet the exact needs was presented to the Legislature and it had full opportunity to provide the needs (Pampel v. State Bd. of Examiners, 114 Mont. 380).
The complaint and the resolution annexed to and incorporated by reference in it show that the need for collection trucks for use on January 1,1963 was known to the board on June 26,1962 when it determined to operate its own collection service and authorized the purchase of 64 trucks. If it be accepted that the proceeding begun by City Tank Corporation frustrated the town’s effort to acquire 36 of those trucks, it is nonetheless true that authority to acquire 28 more existed and could be exercised at any time. Thus, competitive bids could have been sought for the 20 trucks covered by Purchase Order 183 at any time; the purchase need not have been delayed until December 18, 1962. The board was aware on September 4,1962 of City Tank’s effort to upset the award for the 36 trucks for which bids had been requested and on October 9, 1962 was aware of the appeal. Indeed, it was in contemplation of law, also aware that even though the Appellate Division affirmed there might be a further appeal as of right if any Justice of the Appellate Division dissented (Civ. Prac. Act, § 588). That it chose not to act until December 18,1962 does not justify the conclusion that the emergency created by its failure to act was unanticipated or fortuitous. The complaint is, therefore, sufficient.
The court notes that its determination in no way impugns the good faith of the Town Board but that good faith does not validate acts beyond the power of the board. It notes also that defendant Reaper’s suggestion that the present action is inspired by City Tank Corporation and, therefore, is not brought in good faith is immaterial since plaintiff is a taxpayer and has sufficiently alleged injury and illegality (Grace v. Forbes, 64 Misc. 130, 139, supra; Rundquist v. Leibowits, 22 Misc 2d 117, 119, supra).
With respect to the request for a temporary injunction it is necessary only to add that most of the facts referred to above are not disputed by the town. Further, affidavits submitted by *366 the town fix the delivery interval for refuse trucks at 90 days after acceptance of bids and the time required to receive bids at 10 days and letters attached to defendant Reaper’s affidavit show that Rand-MacMurray, Inc., and Heil Equipment Co. required 30 to 45 days for delivery whereas Elgin-Leach required 60 to 75 days. Thus, the town was aware long in advance of December 18, 1962 that it could not obtain delivery unless it advertised for bids at least 40 and at most 100 days prior to the required delivery date. That there was no emergency arising out of an unforeseen occurrence or condition is, thus, sufficiently clear to warrant granting the injunction requested.
Since the argument of these motions, the Appellate Division has unanimously affirmed the dismissal of the City Tank proceeding. (18 A D 2d 821.) Unless leave to appeal is granted that proceeding is at an end and the town may accept delivery of the 20 trucks involved in this action under the original purchase orders, rendering this action moot. If it does not do so and an injunction order is signed, defendants are entitled to additional bond protection (Shaw v. Topping, 142 N. Y. S. 2d 490). Suggestions concerning the amount of additional bond will be received on settlement of the order. The order may also provide for an early trial, if any party be so advised (see Nassau County Supreme Ct. Rules, rule 11).