■ In the Matter of HENRY STRANG, Petitioner, v JOHN P. LOMENZO, as Secretary of State, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Secretary of State, dated August 23, 1971 and made after a hearing, which suspended petitioner's license as a real estate salesman for a period of three months or, in lieu thereof, required him to pay a fine of $250, upon a finding that he had demonstrated untrustworthiness. Determination confirmed and petition dismissed on the merits, with costs. The determination of the Secretary of State was supported by substantial evidence. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.

■ In the Matter of JAMES R. SUTTON, Appellant, v LOUIS J. FRANK, as Commissioner of the Police Department, Nassau County, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner to the status of being on sick leave due to a line-of-duty injury, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered April 17, 1975, which dismissed his petition. Judgment affirmed, without costs or disbursements. On the record under review, we find adequate medical evidence that petitioner's 1958 injury, sustained while he was on duty, was not the cause of his present condition; the medical review board and the police commissioner did not abuse their discretion in making their respective determinations. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.

■ In the Matter of TURNKEY CONSTRUCTION CORP., Appellant, v CITY OF PEEKSKILL, Respondent.—In a proceeding pursuant to CPLR article 78 (1) to annul a determination of respondent, dated August 18, 1975, which rejected petitioner's bid on a public contract and (2) to compel respondent to award said contract to petitioner as the lowest responsible bidder, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered September 5, 1975, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. The record establishes that petitioner did not have the financial and other qualifications of a "responsible" bidder for the subject public construction contract (see General Municipal Law, § 103, subd 1). The testimony and documentary evidence adduced before respondent's city council revealed that petitioner, when it bid for the subject contract, was a corporation with no employees, no experience in building construction and insufficient financial responsibility. Petitioner apparently bid for the contract with the intention of assigning it to another corporation for performance—a purpose proscribed by section 109 of the General Municipal Law. Respondent was required to exercise reasonable discretion in determining whether to accept petitioner's bid, even though it was the lowest. Special Term properly refused to annul respondent's determination (see *Matter of Caristo Constr. Corp. v Rubin,* 15 AD2d 561, affd 10 NY2d 538; *Matter of Kayfield Constr. Corp. v Morris,* 15 AD2d 373, 378). Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.