■ FOSTER-LIPKINS CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61557.) — Appeal from an order of the Court of Claims (Murray, J.), entered January 15, 1981, which, *inter alia,* denied the State's motion for summary judgment and granted claimant's cross motion to amend the claim. Claimant entered into a contract with the State of New York in August, 1966 for the general construction work on the Swan Street building as part of the South Mall project in Albany. During the fall of 1969, claimant entered into a subcontract for the masonry work on the Swan Street building. Meanwhile, during the course of construction, claimant merged into Penn York Construction Corporation by certificate filed with the Secretary of State on April 28, 1971. After the merger, claimant continued to hold itself out as the existing corporate entity which had contracted with the State. The State continued to deal with claimant as the general contractor and, in August of 1977, made the final payment on the contract to claimant. In October, 1977, claimant filed this claim against the State on behalf of its masonry subcontractor for damages sustained as a result of delays at the job site. Claimant alleged its own existence as a domestic corporation in the claim. The State's answer admitted such existence, and asserted two affirmative defenses based on release. A counterclaim based on an indemnity agreement was later added by amendment of the State's answer. Before the claim was tried, the State moved to amend its answer a second time and for summary judgment. In addition to changing an erroneous date, the State sought to add the affirmative defense of the lack of claimant's legal capacity to bring the claim, stemming from the 1971 merger. The motion for summary judgment was based on this defense and the fact that claimant was not legally in existence when the claim was filed. Claimant cross-moved to substitute Penn York Construction Corporation as claimant. The Court of Claims granted claimant leave to file an amended claim substituting Penn York as party claimant, and denied those portions of the State's motion which sought the inclusion of a third affirmative defense in its answer and summary judgment. This appeal has ensued with the State contending that the claim should have been dismissed (1) since claimant was not a legal entity entitled to file the claim in this matter, and (2) since claimant's merger into Penn York constituted a disposition of the contract in violation of section 138 of the State Finance Law. We see no reason to disturb the determination of the Court of Claims allowing Penn York Construction Corporation to be substituted as the claimant. In our view, the instant matter is more analogous to those situations where a claimant seeks to correct its name rather than those in which a new party is sought to be added. Since the State believed throughout the entire contract period that it was dealing with claimant as the general contractor, it was not deceived in any way when his claim was filed in the name of the claimant for damages caused by delays in construction of the Swan Street building. Thus, in the absence of any prejudice,

the Court of Claims properly exercised its discretion in allowing the substitution of Penn York as claimant. Having allowed the substitution, it necessarily follows that the Court of Claims correctly denied that portion of the State's motion which sought to make claimant's lack of capacity to sue both an affirmative defense and the basis for summary judgment. One final point must be addressed. In its decision, the Court of Claims engaged in a discussion concerning whether claimant's 1971 merger into Penn York constituted a violation of section 138 of the State Finance Law, which section basically prohibits the assignment or transfer of State-awarded contracts without prior written consent from the State. A careful review of the pleadings indicates that a defense based on a violation of section 138 has not yet been made by the State. It was thus gratuitous for the Court of Claims to rule on this issue. Until such time às the State seeks leave to amend its answer to add the violation of section 138 of the State Finance Law as a defense to this claim, any judicial discussion relating thereto is merely dictum. Accordingly, the order should be affirmed for the reasons given. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.