■ PENN YORK CONSTRUCTION CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61557.) — Appeal from an order of the Court of Claims (Murray, J.), entered August 13, 1982, which, *inter alia,* granted claimant contractor's motion to strike the third and fourth affirmative defenses contained in the State's answer to the amended claim, and denied the State's cross motion for summary judgment. The facts underlying this contract dispute are set out in our earlier decision in *Foster-Lipkins Corp. v State of New York* (84 AD2d 870). There Penn York Construction Corporation was allowed to be substituted for the Foster-Lipkins Corporation as claimant; the latter had merged into the former over six years prior to the filing of the claim. In that decision, we noted in closing that it was premature to consider whether the merger, effected without the State's consent, violated section 138 of the State Finance Law and barred any recovery, for at that point the State had not yet raised any defense based upon section 138 (84 AD2d 870, 871). However,

shortly thereafter, the State, in its answer to the amended claim, asserted the bar of section 138 by way of a fourth affirmative defense. The State also interposed a third affirmative defense alleging that claimant had breached the nonassignment and transfer clause of the contract, the language of which parallels section 138. In striking these affirmative defenses and denying the State's cross motion for summary judgment based upon them, the Court of Claims relied upon section 906 of the Business Corporation Law which provides that after a merger the consolidated corporation shall possess all rights, obligations and liabilities of the constituent corporations; it was the court's view that this provision precluded the merger herein from being an assignment, transfer, or conveyance under section 138 of the State Finance Law. We share a different view and accordingly reinstate the third and fourth affirmative defenses pending further discovery following which a motion for summary judgment can again be entertained. Section 138 of the State Finance Law relieves and discharges the State from all liability under a contract where the initial contractor has undertaken, without the previous written consent of the State, to "assign, transfer, convey, sublet, or otherwise dispose of the same [contract], or his right, title, or interest therein, or his power to execute such contract, to any other person, company, or corporation". A corporate merger per se is neither within nor without the scope of the statutory language. Rather, it is a matter for factual determination whether the merger effected such a shift in control or performance to amount to an assignment, transfer, conveyance, or other disposition under the statute (see *Lane Constr. Co. v Winona Constr. Co.,* 49 AD2d 142, 147). As presently constituted, the record is insufficiently developed to enable us to pass on this issue. Any transfer of responsibility for the contract would defeat the twin purposes of section 138 — prevention of the brokerage of public contracts (*Ocorr & Rugg Co. v City of Little Falls,* 77 App Div 592, affd 178 NY 622) and protection of the State's ability to identify, at all times, those with whom it is doing business. Moreover, here since the reorganization involved two other companies in addition to Foster-Lipkins, the merger itself raises an issue as to what entity had control over the contract. Finally, we note that the disposition of the statutory defense will also resolve the contractual defense set forth in the third affirmative defense, for the language of the contract is virtually identical to that of section 138. Order modified, on the law, by denying claimant's motion and reinstating defendant's third and fourth affirmative defenses, and, as so modified, affirmed, with costs to defendant. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.