■ In the Matter of 4M HOLDING COMPANY, INC., Appellant, v FRANK DIAMANTE, as Assessor, et al., Respondents. [625 NYS2d 644]—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents imposing a $1,132,492.90 demolition/cleanup lien and assessment against the petitioner, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated January 21, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent Town Board of the Town of Islip passed a resolution dated July 10, 1990, which required the petitioner to remove certain demolition and construction debris from its property within 10 days. It appeared that a subsurface fire had been smoldering within the debris for a period of approximately nine months, causing the debris to be a fire, as well as a health, hazard. When the petitioner failed to remove the debris, the Town hired a private contractor who removed the debris at a cost of $218,076.90. The Islip Resource Recovery Agency charged a total of $946,756 in tipping fees when the 23,668.9 tons of debris from the petitioner's property was disposed of at its Blydenburgh Landfill. The Town then charged the costs involved in the removal and disposal of the debris as a lien and assessment against the petitioner's property.

The petitioner commenced this proceeding seeking, *inter alia,* to vacate the lien and assessment. We find that the several claims raised by the petitioner are without merit, and that the proceeding was properly dismissed.

In a related proceeding pursuant to CPLR article 78, the Court of Appeals upheld the Town Board's resolution underly-

ing the instant proceeding and stated that "[g]iven the history of the dispute and the public health and safety concerns raised by the presence of a continuous fire on the lot for nine months, the requirement that the lot be cleaned in an expedited [manner] was justified" *(Matter of 4M Holding Co. v Town Bd.,* 81 NY2d 1053, 1055). Thus, there was clearly present on the petitioner's property a health and safety hazard which needed to be abated in the most urgent manner, and the Town did not violate General Municipal Law § 103 in bypassing the competitive bidding procedure *(see,* General Municipal Law § 103 [4]).

Nor did the Town violate the petitioner's due process rights. The Court of Appeals has previously disagreed with this petitioner's claim that the resolution was contrary to Town Law § 64 (5-a), and reiterated that "Town Boards may summarily abate nuisances in this manner in appropriate circumstances and compel property owners to bear the cost of abatement without prior notice" *(Matter of 4M Holding Co. v Town Bd., supra,* 81 NY2d 1053, 1055; *Lane v City of Mount Vernon,* 38 NY2d 344). Here, the petitioner was advised that if it did not remove the debris within 10 days, the Town would enter upon the property, remove the material, and charge the cost of the removal as an ad valorem tax against the property. Having failed to comply with a valid resolution, the petitioner may not seek to avoid payment of the cost of removal.

The petitioner does not dispute the fact that 23,668.9 tons of debris were removed from its property. Indeed, the tonnage of the debris is evidenced by the Islip Resource Recovery Agency's computer printout, which the Town annexed to its papers in this petition. Nor does the petitioner dispute the fact that the agency charged everyone $40 per ton of debris disposed of at its landfill. The Town is not obligated to negotiate a reduced tipping fee merely because in the past it had done so in order to get the petitioner's former tenant to clean up this same property.

In conclusion, the amount of the lien and assessment is supported by the record, and the petitioner has failed to establish that it was established arbitrarily, capriciously, or in violation of law. Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.