■ NATIONAL GUARDIAN SECURITY SERVICES CORP., Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [630 NYS2d 319] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about April 25, 1994, which granted defendant City's motion to dismiss the complaint or, in the alternative, for partial summary judgment to the extent of granting partial summary judgment dismissing the first, second, third, fourth, sixth, eighth, tenth and twelfth causes of action and denied such motion with respect to the fifth, seventh, ninth and eleventh causes of action, unanimously modified, on the law, to the extent of denying the motion with respect to the first and third causes of action and reinstating those causes of action, and otherwise affirmed, without costs.

In this action involving three separate contracts to provide security guard services at Department of Housing Preservation and Development (HPD) premises, plaintiff, in its first cause of action, seeks to recover $101,076.15 as the balance due under a contract (denominated Contract No. 1), entered into on December 1, 1985 between Astro Security International Corp. and HPD and the City to provide uniformed security guard services for the period December 1, 1985 to November 30, 1986 at various properties owned, operated or managed by the City. Plaintiff alleges that it acquired substantially all of Astro's assets and was assigned the contract, with the City's consent, on September 6, 1986, that it then provided the contracted for services for the duration of the contract, and that the City and HPD have refused payment of the $101,076.15 balance due despite proper demand. The third cause of action seeks the same amount as damages for HPD's and the City's breach of contract.

In dismissing these two causes of action, the IAS Court found that the requisite consent to the assignment of the contract was not given by the City and that therefore the City was relieved from all liability and obligations under the contract pursuant to General Municipal Law § 109. We disagree.

The court erred in dismissing the claim for recovery under Contract No. 1 for failure to obtain written consent of the City even though plaintiff has abandoned its argument that the

written consent was in fact provided, inasmuch as there is a triable issue as to whether the consent requirement had been waived.

Both General Municipal Law § 109 (applicable to public contracts), upon which the City relies, and its virtually identical counterpart of State Finance Law § 138 (applicable to State contracts) are direct descendants of chapter 444 ( §§ 1, 2) of the Laws of 1897. In *Ocorr & Rugg Co. v City of Little Falls* (77 App Div 592, 608-609, *affd* 178 NY 622), the general contractor subcontracted a portion of the work, and the Fourth Department held that such a subcontract to a specialist artisan did not contravene the intent of the statute, which had been enacted to prevent the brokerage of municipal construction contracts. However, as an alternative holding, the Court ruled that the City defendant had waived the consent requirement because the contractor had announced his intention to subcontract before the contract was executed, and during the more than one-year period of construction the City was fully aware of the subcontracting (*supra*, at 608). The waiver rule in *Ocorr & Rugg* has since been followed by the Third Department in *Barr & Creelman Co. v State of New York* (265 App Div 893), albeit without citation (*see also*, *A & J Buyers v People*, 54 Misc 2d 995, 1003, *affd without opn sub nom. A & J Buyers v Johnson, Drake & Piper,* 30 AD2d 775 [4th Dept], *revd on other grounds* 25 NY2d 265).

This waiver rule is inextricably intertwined with the concept of unjust enrichment inasmuch as part of the rationale for finding a waiver in *Ocorr & Rugg* was that "[a] party may not, with full knowledge of all the facts, have the benefit of work done and material furnished by a sub-contractor without objection, and then urge as an excuse for not paying for the same that the sub-contract was not consented to by him" (77 App Div, *supra*, at 608).

While the City relies herein upon the contrary position taken by the Second Department in *Suburban Elec. Light Co. v Town of Hempstead* (38 App Div 355, 359), which does not mention waiver, but does specifically reject the argument that retention of benefits should bar the municipality from asserting lack of formal statutory consent, we consider the rule enunciated in *Ocorr & Rugg (supra)* sounder.

Here, there are sufficient facts to at least raise a triable issue with respect to waiver. Plaintiff has adequately shown that HPD dealt with it as though Contract No. 1 was valid. Moreover, HPD was clearly aware, if not initially then certainly by the time it executed Contract No. 2 on June 1, 1986, that Astro

had become a division of plaintiff. This was clearly evident from both the bid for Contract No. 2 and the executed contract itself, which both denominated the successful bidder as "Astro Security, a division of National Guardian Security Services Corp.", a fact not noted by the parties.

Accordingly, the City's motion should not have been granted with regard to the first and third causes of action and those causes are reinstated. We have considered the parties' other points on these cross appeals and find them unpersuasive.

The unpublished decision and order of this Court entered herein on August 3, 1995, is hereby recalled and vacated. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.