# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**280**
**CA 16-01380**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

CTS CONTRACTING, INC., FORMERLY KNOWN AS
CUSTOM TOPSOIL, INC., PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

TOWN OF CHEEKTOWAGA, DEFENDANT-APPELLANT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP, BUFFALO (CHRIS BERLOTH OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Catherine
R. Nugent Panepinto, J.), entered April 27, 2016.  The order, among
other things, denied defendant's motion for summary judgment
dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
breach of its emergency snow removal contract with defendant, Town of
Cheektowaga (Town).  Plaintiff alleged that the Town breached the
contract by engaging another contractor, in addition to plaintiff, to
perform snow removal work.  We conclude that Supreme Court properly
denied the Town's motion for summary judgment dismissing the
complaint.

Contrary to the Town's contention, it is not entitled to summary
judgment based upon the language of General Municipal Law § 103 (4).
That section provides that, "in the case of a public emergency arising
out of an accident or other unforeseen occurrence or condition whereby
circumstances affecting public buildings, public property or the life,
health, safety or property of the inhabitants of a political
subdivision or district therein[] require immediate action which
cannot await competitive bidding or competitive offering, contracts
for public work . . . may be let by the appropriate officer, board or
agency of a political subdivision or district therein."  "An
'unforeseen' occurrence or condition is one which is not anticipated,
which creates a situation which cannot be remedied by the exercise of
reasonable care or which is fortuitous" (*Grimm v City of Troy*, 60 Misc
2d 579, 582, citing *Rodin v Director of Purch. of Town of Hempstead*,
38 Misc 2d 362).  "[S]ituations of this kind must be such as cannot

reasonably be foreseen in time to advertise for bids" (*id.*).  Here, the Town had already completed the competitive bidding process and awarded a contract to plaintiff for emergency snow removal.  We thus conclude that section 103 (4) does not apply to this case (*cf. Matter of 4M Holding Co. v Diamante*, 215 AD2d 383, 383-384; *Matter of City of New York v Unsafe Bldg. & Structure No. 97 Columbia Hgts.*, 113 Misc 2d 246, 247-248; *Grimm*, 60 Misc 2d at 582-583).

Also contrary to the Town's contention, it did not establish that it was entitled to summary judgment based upon plaintiff's alleged breach of the emergency snow removal contract's "subletting" provision.  The parties agree that the "subletting" provision refers to State Finance Law § 138 as well as General Municipal Law § 109.  Section 138 "basically prohibits the assignment or transfer of State-awarded contracts without prior written consent from the State" (*Foster-Lipkins Corp. v State of New York*, 84 AD2d 870, 871; *see Matter of NANCO Envtl. Servs. v Jorling*, 172 AD2d 1, 5-6, *lv denied* 80 NY2d 754), and section 109 prohibits the same for all other municipal contracts (*see e.g. Matter of Turnkey Constr. Corp. v City of Peekskill*, 51 AD2d 729, 729).  The two sections are "virtually identical" and are "direct descendants of chapter 444 (§§ 1, 2) of the Laws of 1897" (*National Guardian Sec. Servs. Corp. v City of New York*, 218 AD2d 549, 550).  If a contractor violates, assigns, or transfers a publicly awarded contract in violation of section 138 or section 109, the State or other municipality, respectively, is discharged from all liability under the contract (*see* § 109 [2]; *Penn York Constr. Corp. v State of New York*, 92 AD2d 1087, 1088).

Here, we conclude that the Town failed to meet its initial burden on its motion because it did not establish, as a matter of law, that it was entitled to be relieved of liability under section 138 or section 109.  Specifically, although it is undisputed that plaintiff used at least seven subcontractors in the course of its emergency snow removal work, the Town failed to establish that it did not waive the remedies available under section 138 or section 109.  Indeed, the Town submitted deposition testimony admitting that Town officials had knowledge that plaintiff's subcontractors were performing work and did not object.  "A party may not, with full knowledge of all the facts, have the benefit of work done . . . by a sub-contractor without objection, and then urge as an excuse for not paying for the same that the sub-contractor was not consented to by him" (*Ocorr & Rugg Co. v City of Little Falls*, 77 App Div 592, 608, *affd* 178 NY 622; *see National Guardian Sec. Servs. Corp.*, 218 AD2d at 550; *Barr & Creelman Co. v State of New York*, 265 App Div 893, 894).  Moreover, notwithstanding the waiver issue, a question of fact remains concerning whether plaintiff's use of subcontractors to perform a portion of the work violated the statutes (*see Ocorr & Rugg Co.*, 77 App Div at 608-609; *see also Lane Constr. Co. v Winona Constr. Co.*, 49 AD2d 142, 147), and that question of fact precludes summary judgment in favor of the Town.

Finally, we reject the Town's contention that it was permitted to engage contractors other than plaintiff to perform emergency snow

removal work because its contract with plaintiff was nonexclusive. A " 'contract must be interpreted so as to give effect to, not nullify, its general or primary purpose' " (*Matter of El-Roh Realty Corp.*, 74 AD3d 1796, 1799). In this case, the Town awarded a contract for emergency snow removal to plaintiff, and the Town's interpretation of the contract, which would afford the Town discretion to engage other contractors to perform that same work, would render the contract meaningless.

Entered: March 24, 2017                          Frances E. Cafarell
                                                 Clerk of the Court