OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We agree with the Appellate Division that respondent Town Board of Islip’s resolution requiring petitioner to clear 33,000 cubic yards of burning debris from its property in 10 *1055 days was not arbitrary, capricious or contrary to law. This Court has said, "[t]he arbitrary or capricious test chiefly 'relates to whether a particular action should have been taken or is justified * * * and whether the administrative action is without foundation in fact’ ” (Matter of Pell v Board of Educ., 34 NY2d 222, 231 [citation omitted]). An arbitrary action is without basis in reason and is taken without regard to the facts (id.).
It cannot be said that requiring petitioner to clear the lot and extinguish the fire within 10 days was without basis in reason or taken without regard to the facts. Petitioner knew of the nuisance on its property for over a year and a half, the numerous previous fires on the property and the repeated demands by the Town to clear the property. Petitioner was aware, moreover, of the subsurface fire that had been continuously burning on the property for nine months prior to enactment of the resolution presently in question, which could not be extinguished by conventional fire fighting methods. Indeed, petitioner was aware of a Town Board resolution six months earlier directing petitioner and its tenant to clear the property and extinguish the fire. Given the history of the dispute and the public health and safety concerns raised by the presence of a continuous fire on the lot for nine months, the requirement that the lot be cleared in an expedited matter was justified.
We reject petitioner’s argument that the statement of the Town Public Works Supervisor that clearing the lot would take the Town 30 days renders the resolution arbitrary. The Town official based his conclusion on the assumption that the Town would use only four trucks to haul the debris. Under the circumstances, the Town was justified in requiring petitioner to use more trucks so as to clear the lot within the 10-day period.
We also disagree with petitioner’s argument that the resolution was contrary to the Town Law and the Islip Town Code. Both Town Law § 64 (5-a) and Islip Town Code § 32-5 (c) expressly authorize respondent to compel removal of debris from property and, upon noncompliance by the owner, to remove the debris at the expense of the owner. This Court has held that Town Boards may summarily abate nuisances in this manner in appropriate circumstances and compel property owners to bear the cost of abatement without prior notice (see, Lane v City of Mount Vernon, 38 NY2d 344). While the Town Law is silent as to the amount of time to be provided for *1056 compliance, the Town Code § 32-5 only requires that owners be given 10 days within which to comply or an additional "reasonable time giving due consideration to the amount of accumulation of rubbish or debris”. Given the history of the dispute, the repeated attempts to compel clearance of the property and the threat to public safety posed by the conditions on the property, allowing petitioner only 10 days to clear the lot was not contrary to section 32-5.
We have reviewed petitioner’s remaining contentions and find them to be without merit.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs, in a memorandum.