**Dyck LIVANT, Plaintiff,**

v.

**Gregory M. CLIFTON, individually and in his capacity as an investigator for the Town of Islip, the Town of Islip, Islip Town Supervisor Pete McGowan, individually and in his capacity as Islip Town Supervisor, the Town Board of Islip, Islip Town Board Member Brian Ferruggairi, Islip Town Board Member Pamela Green, Islip Town Board Member Christopher Bodkin, Islip Town Board Member William Rowley, each individually and in their capacities as Islip Town Board Members, John Does 1–10, Jane Does 1–10, said names being fictitious and intended to represent employees, contractors, agents, and/or assignees of the Town of Islip and Suffolk County, any other unknown agents, assignees and/or employees of the Town of Islip and Suffolk County, and Suffolk County, Defendants.**

**No. CV–02–3851(TCP)(MLO).**

United States District Court, E.D. New York.

Sept. 7, 2004.

Joseph F. Battista, Law Offices of Timothy M. McEnaney, Babylon, NY, for Plaintiff.

Edward M. Ross, Rosenberg, Calica & Birney LLP, Garden City, NY, Richard T. Dunne, Suffolk County Attorney, Hauppauge, NY, for Defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This action was brought by Dyck Livant ("Livant" or "Plaintiff") against Gregory M. Clifton ("Clifton") individually and in his capacity as an investigator for the Town of Islip, Town of Islip ("Town"), Islip Town Supervisor Pete McGowan ("McGowan"), Town Board of Islip ("Town Board"), Islip Town Board Members Brian Ferruggairi ("Ferruggairi"), Pamela Green ("Green"), Christopher Bodkin ("Bodkin") and William Rowley ("Rowley"), Suffolk County, John and Jane Does 1–10 of the Town ("Town John and Jane Does") and County of Suffolk, and Any Other Unknown Agents of the Town ("Town Agents") and County of Suffolk, alleging violations of 42 U.S.C. § 1983 and State law claims for trespass, conversion and negligence.

Before the Court is one motion:

1. Defendants Town, Town Board, McGowan, Ferruggairi, Green, Bodkin, Rowley, Clifton, Town John and Jane Does, and Town Agents (collectively "Town Defendants") move pursuant to Fed.R.Civ.P. 12(c) to dismiss Plaintiff's second amended complaint.

For the following reasons, the Town Defendants' motion is **GRANTED** as to the federal claims, and the Court **DECLINES** to exercise jurisdiction over the State law claims, **DISMISSING** same without prejudice.

## BACKGROUND

### A. Factual History

On January 5, 2001, certain of the Town Defendants conducted a search of Plaintiff's home pursuant to a valid warrant in order to substantiate claims that Plaintiff was violating the Town Code by illegally using his one-family home as a three-family home and keeping debris and unregistered vehicles on his property. (Ans. to 2nd Amend. Compl., Exhs. A–C; Amend. Compl. at ¶ 29).[1] That same day, criminal charges were filed against Plaintiff for the aforementioned violations. (Ans. to 2nd Amend. Compl., Exh. B; Amend. Compl. at ¶ 34).

After the lawful search of Plaintiff's property and pursuant to the dictates of the Town's nuisance abatement law, the Board held a hearing on March 6, 2001, and passed a resolution requiring Plaintiff to clean up his lawn and remove the debris in question. (2nd Amend. Compl. at ¶ 29). Notice of the resolution was sent to Plaintiff via registered mail but was returned unclaimed. (2nd Amend. Compl. at ¶ 36). Apparently, Plaintiff was in Mexico visiting friends and "seeking medical treatment." (2nd Amend. Compl. at ¶ 35).

On various dates in March and April of 2001, certain of the Town Defendants, acting pursuant to the resolution, entered Plaintiff's property and removed the debris. (2nd Amend. Compl. at ¶¶ 30–1). Plaintiff claims that the debris was not, in fact, debris, but "ten Bogward Isabella classic cars" and a trailer "full of antique

---

1. Plaintiff's amended complaint had claimed that the warrant was illegal because it did not contain a judge's signature. In their previous Rule 12(c) motion papers, however, Defendants attached a copy of the warrant in question which did indeed contain a judge's signature. In response, Plaintiff agreed to drop this claim. Plaintiff's second amended complaint, however, now appears to be arguing

that the search and seizures which occurred after the nuisance abatement hearing and pursuant to the Board's resolution, were outside the scope of this original warrant, and accordingly, such subsequent searches and seizures were warrant less. (2nd Amend. Compl at ¶ 63). That argument is addressed *infra*.

furniture." (2nd Amend. Compl. at ¶ 65) Further, Plaintiff alleges that while removing his antiques, certain of the Town Defendants carelessly destroyed Plaintiff's fence, broke flower pots, took tools and created large ditches on his lawn. (2nd Amend. Compl. at ¶ 42)

## B. Procedural History

Plaintiff filed the instant action on July 2, 2002 and amended his complaint on July 29, 2002. On, December 5, 2003, the Town Defendants moved pursuant to Fed. R.Civ.P. 12(c) to dismiss the action, and Plaintiff cross-moved to amend his complaint as to the State law claims, for a second time. This Court heard oral argument and denied the Town Defendants' motion without prejudice to renew, and granted Plaintiff's motion for a second amendment. Plaintiff subsequently filed a second amended complaint on January 5, 2004, alleging violations pursuant to 42 U.S.C. § 1983 of the Fourth and Fourteenth Amendments for unlawful search and seizure and the Fifth and Fourteenth Amendments for lack of due process and uncompensated takings of his property. In addition, Plaintiff alleged State law claims of conversion, trespass and negligence.

## DISCUSSION

### A. Rule 12(c) Standard of Review

In deciding a Fed.R.Civ.P. 12(c) motion, a Court must "accept all allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994). The Plaintiff's complaint must not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ad–Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch*

*College*, 835 F.2d 980, 982 (2d Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45– 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### B. Qualified Immunity

Qualified immunity is a three step analysis. *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). First, the Court "must determine whether plaintiff has alleged a violation of a constitutional right. Then, [the Court] consider[s] if the violated right was clearly established at the time of the conduct. Finally, if plaintiff had a clearly established, constitutionally protected right that was violated ... [plaintiff] must demonstrate that defendants' actions were not objectively reasonable." *Harhay v. Town of Ellington Bd. of Ed.*, 323 F.3d 206, 211 (2d Cir.2003) (citations omitted).

Here, Defendants Clifton (Town Investigator), McGowan (Town Supervisor), Town John and Jane Does, and the Town Agents are all entitled to qualified immunity because Plaintiff has failed to allege a violation of a constitutional right. Each of Plaintiff's constitutional claims is now taken in turn:

### i. Fourth and Fourteenth Amendments: Search and Seizure

Plaintiff alleges that the above-named Defendants entry onto his property in order to abate the alleged nuisance was unconstitutional because it was done without a search warrant. On the contrary, it is well established that a municipality, within the exercise of its police powers, has the right to "summarily" abate a nuisance. *See In the Matter of 4M Holding Co., Inc. v. Town Bd. of the Town of Islip*, 81 N.Y.2d 1053, 1055, 601 N.Y.S.2d 458, 619 N.E.2d 395 (1993) ("Town Boards may summarily abate nuisances in this manner in appropriate circumstances and compel

property owners to bear the cost of abatement without prior notice"); *Brancato v. City of New York*, 244 F.Supp.2d 239, 245 (S.D.N.Y.2003) ("The City's emergency abatement law ... is constitutional. It is well recognized that when a local government, in the proper exercise of its delegated powers, summarily abates a nuisance, it may compel the owner of the property involved to bear the cost of abatement"). Further, the resolution of the Board directing that the nuisance be abated without a warrant, adopted pursuant to Islip Town Code § 32–5, is a constitutionally adequate substitute for a judicial warrant. Accordingly, there was no Fourth Amendment violation and Defendants are entitled to qualified immunity on this claim.

■ Even assuming, *arguendo*, that the above-named Defendants were required to get a judicial warrant before abating the nuisance on Plaintiff's property, all are still entitled to qualified immunity because their actions were objectively reasonable. All Defendants reasonably relied on (and acted pursuant to) the Town's nuisance abatement law and subsequent resolution of the Board, passed after a hearing, which gave them authority to enter Plaintiff's property and abate the nuisance.

Therefore, Defendants Clifton, McGowan, Town John and Jane Does and Town Agents are all entitled to qualified immunity for their entry on, and removal of, Plaintiff's property.

*ii. Fifth and Fourteenth Amendments: Due Process*

For notice to be sufficient under the Due Process Clause, "it must (I) 'be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections, (ii) convey the required information, (iii) afford a reasonable time for those interested to make their appearance.'" *Brancato*, 244 F.Supp.2d at 242 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

Plaintiff alleges that the Town Defendants violated his right to procedural due process because they failed to give him adequate notice of the nuisance abatement hearing and subsequent resolution. Although the Town Defendants apparently did not give Plaintiff notice of the hearing (Islip Town Code § 32–5 does not require it), the Town Defendants did sent out a certified letter to Plaintiff at his home address, notifying him of the Board's adoption of the resolution (required by Islip Town Code § 32–5), and their intention to abate it themselves if Plaintiff did not respond within the given time period. Plaintiff argues, however, that this subsequent notice via certified letter to his home was inadequate, because he was out of the country and did not receive it.

The fact that Plaintiff did not actually receive the certified letter, however, does not mean that due process was not satisfied. *See Mullane*, 339 U.S. at 314, 70 S.Ct. 652; *United States v. Perez–Valdera*, 899 F.Supp. 181, 184 (S.D.N.Y.1995)("The Mullane test does not ask whether notice was actually received, but rather whether the means selected were 'such as one desirous of actually informing the absentee might reasonably adopt to accomplish it'") (quoting *Mullane*, 339 U.S. at 315, 70 S.Ct. 652). Indeed, as long as the service was "reasonably calculated" to "apprise interested parties of the pendency of the action," there is no violation. *Id.*

■ Here, notice by way of a certified letter to Plaintiff's home address, even though returned unclaimed, was sufficient under the Due Process Clause to apprise Plaintiff of the Town's intention to abate

the nuisance on his property. As the Second Circuit Court of Appeals explained in *Fuentes–Argueta v. INS,* 101 F.3d 867 (2d Cir.1996):

> It cannot be disputed that the use of certified mail to convey notices of ... proceedings generally fits within the bounds of the process due to a litigant or prospective litigant. The courts have repeatedly upheld even the use of regular, first-class mail as constitutionally adequate means of service. Nor do we find a basis for an exception to this rule in the instant case merely because the notice was returned 'unclaimed.'

*Id* at 872 (citations omitted).

In any event, Plaintiff had already been put on notice that the debris on his property was illegal after the search warrant was executed and a search was conducted of both the interior and exterior of his home on January 5, 2001. On that same day, Plaintiff was personally served with appearance tickets for criminal zoning law violation charges "including that he unlawfully maintained dilapidated and unregistered vehicles, debris, and other items on the exterior of his house." (Defs. Mem. of Law at 20; Ans. to 2nd Amend. Compl., Exh. B).

Accordingly, the Plaintiff had adequate notice that he needed to remove the unregistered vehicles and other debris from his property before the Town was forced to do it for him, and thus, there was no due process violation.

### iii. Takings Claim

■ Defendants argue that Plaintiff's takings claim is not ripe because he never sought just compensation for his taken property from the State. Defendants are correct. Under *Williamson County Reg'l Planning Comm. v. Hamilton Bank,* 473 U.S. 172, 195, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), "if a State provides an ade-

quate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied." In New York, there are "two such reasonable certain and adequate provision[s]. One is to seek compensation through the procedures detailed in the New York State Eminent Domain Procedure Law. The other is to bring a state law action under Article I, Section 7 of the New York State Constitution." *Vaizburd v. United States of America,* 90 F.Supp.2d 210, 216–17 (E.D.N.Y.2000) (citations and quotations omitted); *see also Vandor, Inc. v. Militello,* 301 F.3d 37 (2d Cir.2002) (dismissing a takings claim on ripeness grounds due to plaintiff's failure to first seek compensation via an Article 78 proceeding). Accordingly, Plaintiff's failure to seek these State remedies first prohibits his takings claim on the grounds of ripeness.

### C. Legislative Immunity

■ Local legislators, such as members of a town board, are absolutely immune from civil rights lawsuits provided that the actions for which they are being sued are "legislative." *See Harhay v. Town of Ellington Bd. of Ed.,* 323 F.3d 206, 210 (2d Cir.2003); *Carlos v. Santos,* 123 F.3d 61, 66 (2d Cir.1997). Under the Supreme Court's test in *Bogan v. Scott–Harris,* 523 U.S. 44, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998), deciding whether an action is a legislative act "turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.*

■ Here, the Board's actions in holding a hearing, voting, and approving a resolution which authorized the removal of a nuisance (by Plaintiff or if he so failed, by the Town) are clearly legislative in nature. Therefore, Defendant Board and its individual members, Ferruggairi, Green,

Bodkin and Rowley, are entitled to absolute legislative immunity.

### D. Municipal Liability

In order to find a municipality such as the Town liable, Plaintiff must show that a "municipal policy or custom caused the constitutional injury." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *see also Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, as explained *supra*, Plaintiff has failed to make out any constitutional violations and accordingly, there can be no municipal liability.

### E. State Law Claims

Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental jurisdiction over related State law claims, if it has "dismissed all claims over which it has original jurisdiction." *Id.* While § 1367(c)(3) does not require dismissal, "in general, where the federal claims are dismissed before trial, the State claims should be dismissed as well." *Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998) (citing *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994)); *see also Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir.1998) (noting that it is particularly appropriate for the district court to dismiss where "the federal claim on which the state claim hangs has been dismissed").

As explained *supra*, this Court is dismissing Plaintiff's federal claims against the Town Defendants on the basis of qualified and quasi-judicial immunity. Accordingly, the State claims should also be dismissed, without prejudice.

### CONCLUSION

For the foregoing reasons, the Town Defendants' motion is hereby **GRANTED**, and the Court **DECLINES** to exercise jurisdiction over Plaintiff's State law claims, **DISMISSING** same without prejudice.

SO ORDERED.