Dyck LIVANT, Plaintiff–Counter–Defendant–Appellant,

v.

Gregory M. CLIFTON, individually and in his capacity as an investigator for the Town of Islip, the Town of Islip, Pete McGowan, individually and in his capacity as the Islip Town Supervisor, the Town Board of Islip, Brian Ferruggairi, Islip Town Board Member, Pamela Green, Islip Town Board Member, Christopher Bodkin, Islip Town Board Member and William Rowley, each individually and in their capacities as Islip Town Board Members, Defendants–Counter–Claimants–Appellees,

John Does 1–10 and Jane Does 1–10, said names being fictitious and intended to represent employees, contractors, agents, and/or assignees of the Town of Islip and Suffolk County, Defendants.

No. 06–4707–cv.

United States Court of Appeals, Second Circuit.

April 7, 2008.

---

R. Bertil Peterson, Babylon, NY, for Plaintiff.

Judah Serfaty (Robert M. Calica, on the brief), Rosenberg Calica & Birney LLP, Garden City, NY, for Defendants.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. PETER W. HALL, Circuit Judges, and Hon. LEONARD B. SAND, District Judge.*

#### SUMMARY ORDER

Livant appeals from the district court's judgment granting Defendants' motion pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings, in which the district court dismissed Livant's federal civil rights claims and declined to exercise jurisdiction over Livant's remaining state law claims, dismissing them without prejudice. *Livant v. Clifton*, 334 F.Supp.2d 321

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

(E.D.N.Y.2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the district court's dismissal of Livant's complaint pursuant to Rule 12(c) de novo. *Desiano v. Warner–Lambert & Co.*, 467 F.3d 85, 89 (2d Cir.2006). "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)...." *Id.* (internal quotation marks omitted). We thus look at whether the complaint has pled "enough facts to state a claim to relief that is plausible on its face." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). For the reasons stated below, we affirm the district court's decision to: (1) dismiss Livant's Fourth Amendment and procedural due process claims against Defendants Clifton, McGowan, John and Jane Does, and Town Agents ("Town Officials Defendants") on the basis of qualified immunity; (2) dismiss Livant's takings claim because it is not ripe; (3) dismiss Livant's claims against the Town Board and its individual members based on legislative immunity; (4) dismiss Livant's claims against the Town of Islip; and (5) refuse to exercise jurisdiction over Livant's remaining state law claims.

■ The district court properly dismissed Livant's Fourth Amendment claims against Town Officials Defendants on the basis of qualified immunity. Government officials performing discretionary functions are generally granted qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). When considering a claim of qualified immunity, "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all." *Conn. v. Gabbert*, 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999); *see also Moore v. Vega*, 371 F.3d 110, 114 (2d Cir.2004). If the plaintiff has alleged a violation of a constitutional right, the court must then determine whether the officials are entitled to qualified immunity. *Moore*, 371 F.3d at 114. They are entitled to qualified immunity if (1) their conduct does not violate "clearly established" rights of which a reasonable person would have known, *id.* (quoting *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727), or (2) it was "objectively reasonable for them to believe their actions were lawful at the time," *id.* Even if Livant has alleged a violation of his right to be free from unreasonable searches and seizures, the Town Officials Defendants' actions did not violate any "clearly established" rights because there was no authority establishing a Fourth Amendment requirement for municipalities to obtain a warrant to abate a nuisance.[1]

■ Livant argues that he was deprived of procedural due process because the Town Officials Defendants failed to provide him with notice and an opportunity to be heard before abating the alleged nui-

---

1. Plaintiff's counsel asserted at oral argument that *Michigan v. Tyler*, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978), establishes a warrant requirement to abate a nuisance. We read that case to hold only that "an entry to fight a fire requires no warrant," that "once in the building, officials may remain there for a reasonable time to investigate the cause of the blaze," and that "[t]hereafter, additional entries to investigate the cause of the fire must be made pursuant to the warrant procedures governing administrative searches." *Id.* at 511, 98 S.Ct. 1942.

sance on his property. Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "Reasonably calculated notice is notice by means 'such as one desirous of actually informing the [property owner] might reasonably adopt to accomplish it.' " *Akey v. Clinton County, N.Y.,* 375 F.3d 231, 235 (2d Cir.2004) (quoting *Mullane,* 339 U.S. at 315, 70 S.Ct. 652). Supreme Court decisions have indicated that "where a State or municipality knows that the person's condition or location is such that he will not be adequately apprised of the proceeding in question through the statutory method of notice used, the due process clause will not have been complied with." *United States v. Braunig,* 553 F.2d 777, 780 (2d Cir.1977) (citing *Covey v. Town of Somers,* 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956), and *Robinson v. Hanrahan,* 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972)).

The district court properly found that sending notice to Livant via certified mail, even when returned unclaimed, was reasonably calculated to apprise Livant of the pending abatement under governing law at the time. *See Weigner v. City of New York,* 852 F.2d 646, 650 & n. 4 (2d Cir. 1988). Thus, the district court correctly concluded that Livant did not allege a violation of his constitutional right to procedural due process on the ground that notice was sent by certified mail. Livant also alleges, however, that the Town Officials Defendants knew he would not receive that notice. Specifically, in his Second Amended Complaint, Livant alleged:

> The defendants knew that the notice that was sent to the plaintiff by certified mail, return receipt requested, would be returned because they knew that the plaintiff would not be at home to accept the notice because he was in Mexico visiting friends and seeking medical treatment.

(Pl.'s Second Am. Compl. ¶ 73.) Taking these facts alleged by Livant as true, as we must on a motion for judgment on the pleadings under Rule 12(c), *see Sheppard v. Beerman,* 94 F.3d 823, 827 (2d Cir.1996), Livant has alleged a constitutional violation of his procedural due process right to receive adequate notice. If the Town Officials Defendants did in fact send notice by certified mail, knowing full well that Livant was not at that address because he was out of town, then such notice would not have been "reasonably calculated" to apprise Livant of the pending abatement action.

The further inquiry, then, is whether Town Officials Defendants are still entitled to qualified immunity because either (1) Livant's rights were not "clearly established" such that a reasonable person would have known, or (2) Town Officials Defendants' actions were nevertheless "objectively reasonable." *See Moore,* 371 F.3d at 114. As to the first basis, the rule that notice be reasonably calculated to apprise Livant of the pending abatement was clearly established at the time Defendants sent notice to Livant, as discussed above. Assuming what Livant alleges is true, if the Town Officials Defendants did know that Livant was not going to receive notice at that address, then such notice was not reasonably calculated to reach Livant. As to the second basis, however, the Town Officials Defendants' actions in mailing the notice to Livant's address were "objectively reasonable" because the officials could reasonably conclude, in the context of the facts and circumstances surrounding the case, that Livant was apprised of the pending abatement action. Before the abate-

ment action, Livant was on notice that the Town and responsible officials were in fact seeking to enforce code violations at Livant's premises. As referenced in Livant's second amended complaint, the Town had executed a search warrant in January 2001 to inspect the alleged nuisance on Livant's property. The Town held a public hearing where a resolution was passed to abate the nuisance on Livant's property if he did not do so himself. Moreover, this Court takes notice that there were criminal charges pending against Livant arising out of the same alleged nuisance, and that a bench warrant had issued for his arrest. Taken together, it was reasonable for the Town Officials Defendants to conclude that Livant was apprised of the pending action and that Livant could not by relocating frustrate their efforts to abate the nuisance until he chose to return.

■ We affirm the remainder of the district court's conclusions. First, the district court properly dismissed Livant's takings claims as unripe because Livant failed to exhaust remedies seeking just compensation from the state before pursuing his federal takings claim. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Second, the district court properly dismissed Livant's claims against the Town Board and its individual members based on legislative immunity because their actions in holding the hearing regarding the alleged nuisance on Livant's property and passing the resolution to abate it were legislative in nature. *See Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 210 (2d Cir.2003); *Carlos v. Santos*, 123 F.3d 61, 66 (2d Cir. 1997). Third, the district court properly determined that the Town of Islip itself could not be held liable because Livant failed to show that "a municipal policy or custom caused the constitutional injury."

*See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Finally, based on its dismissal of the federal claims, the district court did not abuse its discretion in refusing to exercise jurisdiction over Livant's remaining state law claims. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir.1998).

We have considered all of Livant's other arguments and find them to be without merit. For the reasons stated above, the judgment is AFFIRMED.