# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1007**
**CA 12-00354**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF SONBYRNE SALES, INC.,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

TOWN BOARD OF TOWN OF ONONDAGA AND THOMAS
ANDINO AS SUPERVISOR OF TOWN OF ONONDAGA,
RESPONDENTS-RESPONDENTS.

---

GOLDBERG SEGALLA LLP, SYRACUSE (KENNETH M. ALWEIS OF COUNSEL), FOR
PETITIONER-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NADINE C. BELL OF COUNSEL),
FOR RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Onondaga County (Deborah H. Karalunas, J.), entered November 10, 2011
in a proceeding pursuant to CPLR article 78.  The judgment denied and
dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the petition is granted
and the determination of respondent Town Board of Town of Onondaga to
rescind the Agreement for Mutual Conveyance is annulled.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination of respondent Town Board of Town of
Onondaga (Board) rescinding the Agreement for Mutual Conveyance
(Agreement) executed by petitioner's President and respondent Thomas
Andino, as Supervisor of the Town of Onondaga.  Petitioner further
seeks to compel the Town of Onondaga (Town) to comply with the terms
and conditions of the Agreement.  We conclude that Supreme Court
should have granted the petition.

Pursuant to a resolution dated April 4, 2011 (Resolution), the
Board resolved, inter alia, to "discontinue and abandon" the southern
terminus of East Avenue in the Town and to convey to petitioner that
land "together with portions of Town-owned property" adjacent thereto
(collectively, the Premises).  In exchange, petitioner would convey to
the Town an adjoining parcel of property on East Avenue.  The Board
also resolved that the conveyances would be "in accordance with a
conditional contract to be entered into between [the Town and
petitioner] and dated April 4, 2011"; that Andino was "authorized to
sign the conditional contract . . . [and] . . . to sign any and all

documents and take any necessary action to give full force and effect to th[e] resolution"; and, finally, "that the abandonment of the southern terminus of East Avenue and the sale of the Premises to [petitioner] [were] subject to permissive referendum."

Following the adoption of the Resolution, petitioner's President and Andino executed the Agreement, which contained four contingencies. The first three contingencies related to petitioner's obtaining the zoning approvals, easements and utilities necessary for its proposed development of the Premises. Petitioner agreed to use its "best efforts" to satisfy those contingencies "in a timely fashion" but, even "if any one or more of [the first three contingencies] [was] not satisfied or waived by [petitioner], [petitioner] . . . nevertheless ha[d] the option, for a period of two years from the date of th[e] Agreement, to acquire title to the [Premises] under the remaining terms and conditions of th[e] Agreement." The fourth contingency provided that the obligations of the parties to the Agreement were contingent upon "[a]doption of a [r]esolution of the . . . Board . . . consenting to this Agreement, such [r]esolution to be subject to a permissive referendum pursuant to Town Law."

On May 4, 2011, petitions were filed protesting the Resolution and Agreement and seeking a permissive referendum. A Town Councilman challenged those petitions. While that challenge was pending, Andino moved at a Board meeting on June 20, 2011 for the Board to rescind the Agreement. The Board passed that motion unanimously.

We agree with petitioner that its failure to present a proposal for zoning approval within two months of the Agreement did not violate the Agreement's provision requiring petitioner to use its "best efforts to satisfy [the first three contingencies] in a timely fashion" and did not justify rescission of the Agreement. During the two-month period between the execution of the Agreement and the Board's vote to rescind the Agreement, petitions for a permissive referendum had been filed and were in the process of being challenged by the Town. In our view, it was not unreasonable for petitioner to wait for the merits of that challenge to be determined before submitting formal applications related to its proposed development of the Premises. In any event, the Agreement specifically provided that petitioner could proceed with the property conveyances even if none of the first three contingencies was satisfied. Thus, to the extent that respondents relied on the first three contingencies in determining to rescind the Agreement, that determination was arbitrary and capricious (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231-232).

We further agree with petitioner that the fourth contingency in the Agreement was fulfilled except to the extent that respondents prevented it from being fulfilled when they rescinded the Agreement before a permissive referendum could be held. As noted, that contingency provided that the Agreement was contingent upon "[a]doption of a [r]esolution of the . . . Board . . . consenting to this Agreement, such [r]esolution to be subject to a permissive

referendum pursuant to Town Law."  Respondents contend that the fourth contingency requires the Board to "adopt a resolution wherein its *consent* to the Agreement is subject to permissive referendum" (emphasis in original).  According to respondents, the Resolution "does not, and cannot, satisfy the [fourth] contingency" because it "unequivocally states that the only matter subject to permissive referendum is the 'abandonment of the southern terminus of East Avenue and the sale of the Premises to [petitioner].' "  In short, respondents contend that the fourth contingency requires a permissive referendum on the Board's actual consent to the Agreement.  In our view, respondents' interpretation of the fourth contingency is illogical.

The Resolution is "a Resolution of the . . . Board . . . consenting to th[e] Agreement," and thus the first prong of the fourth contingency was satisfied.  Respondents correctly note that, while the Resolution contains many "resolved and determined" paragraphs, the only paragraph discussing a permissive referendum is the one stating that "the abandonment of the southern terminus of East Avenue and the sale of the Premises to [petitioner] [were] subject to permissive referendum."  In our view, the fact that this one paragraph does not specifically state that the Board's "consent" to the Resolution would be subject to a permissive referendum is not dispositive.  The fourth contingency required that the "[r]esolution [was] to be subject to a permissive referendum *pursuant to Town Law*" (emphasis added).  The Town Law requires a permissive referendum for the conveyance of land (*see* § 64 [2]).  Inasmuch as the Town Law does not require a permissive referendum for "consent" to a contract, the Agreement must be construed as providing that the subject matter of the permissive referendum would be the abandonment of the southern terminus of East Avenue and the conveyance of the Premises, not the Board's consent to the actual contract.  We thus conclude that the Resolution satisfied the second prong of the fourth contingency.

Finally, contrary to the contention of respondents, the fact that the resolution discussed in the contingency was adopted before the Agreement was actually executed is of no moment.  The Agreement required the adoption of a resolution consenting to the Agreement, and such a resolution was adopted.  The permissive referendum never occurred, however, because respondents rescinded the Agreement before the referendum could occur.  We thus agree with petitioner that respondents impermissibly " 'frustrated or prevented the occurrence of the condition' " (*ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 490, quoting *Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y.*, 28 NY2d 101, 106).

Inasmuch as the Agreement was a valid and binding contract and none of the contingencies was unfulfilled, we agree with petitioner that respondents' determination rescinding the Agreement was arbitrary and capricious (*see Village of Lake George v Town of Caldwell*, 3 AD2d 550, 554-555, *affd* 5 NY2d 727; *see generally Matter of 4M Holding Co.*

*v Town Bd. of Town of Islip*, 81 NY2d 1053, 1055; *Pell*, 34 NY2d at 231-232).

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court